ALMON, Justice
(concurring in part and dissenting in part).
I concur to affirm the setting aside of the default judgment, but I would also affirm the subsequent dismissal of the complaint. I am not convinced that the equitable principles of reformation of contract apply to this attempt to “reform” a declaration of condominium. For example, a recorded declaration of condominium could be viewed as creating covenants running with the land as to which the condominium unit owners have vested property rights. Thus, the law of real property and the constitutional right not to be deprived of property without due process of law might well be more pertinent to this question than the law of reformation of contract.[1]
The Cedar Bend declaration of condominium states that it can be amended only by an affirmative vote of 100% of the unit owners. I do not think the unit owners abandoned this property right by acting inconsistently with it over a period of perhaps 10 or perhaps only 3 years. The appellee “agrees that assessments have been based on the square footage of the living Units since March 1, 1988.”[2] The appellants argue that the reformation should be allowed because 57 of the 67 unit owners have agreed to the proposal. It seems to me that if 10 out of 67 owners object, the amendment provision in the declaration should be enforced.
Even if principles governing reformation of instruments or some other principles of equity could otherwise be deemed applicable, I think the application of such principles is inconsistent with the Condominium Ownership Act, § 35-8-1 et seq., AIa.Code 1975, which is applicable to the Cedar Bend condominium, and is inconsistent even, to the extent it is applicable, with the Alabama Uniform Condominium Act of 1991, § 35-8A-101 et seq., AIa.Code 1975. Therefore, § 35-8A-108 does not provide a basis on which this action can proceed.
Section 35-8A-102(a) states: “This chapter applies to all condominiums created within this state after January 1,1991.” The Cedar Bend declaration of condominium was filed with the probate court on June 20, 1980. Section 35-8A-102(a) next fists several sections of the Uniform Condominium Act as applying to such existing condominiums, and states “but those sections apply only with respect to events and circumstances occurring after January 1, 1991 and do not invalidate existing provisions of the declaration, bylaws, plats or plans of those condominiums.” The fist of such partially applicable sections does not include § 35-8A-108.
Section 35-8A-102(b) then provides:
“The provisions of sections 35-8-1 through 35-8-22 do not apply to condominiums created after January 1, 1991 and do not invalidate any amendment to the declaration, bylaws, plats or plans of any condominium created before January 1, 1991 if the amendment would be permitted by this chapter. The amendment must be adopted in conformity with the procedures and requirements specified by those instruments and by sections 35-8-1 through 35-8-22.”
The second half of the first sentence appears to conflict with the second sentence. Even if they have consistent fields of operation, it appears that the “procedures and requirements specified by” older declarations of condominium and by §§ 35-8-1 through -22 must be followed in order to amend such declarations. This seems to incorporate into the Uniform Condominium Act the provision of the Cedar Bend declaration requiring concurrence by 100% of the unit owners before *510 an amendment can take effect. This incorporation of the declaration's amendment provision into the Uniform Act should end the question of whether equitable principles of reformation are consistent with that Act and therefore available under § 35-8A-108.
Moreover, § 35 — 8—6(d) provides that the undivided interests in the common areas shall not be changed “unless the owners of record of the units affected thereby ... shall have agreed to an amendment to the declaration which specifies such change.” Section 35-8-7(14) requires that a declaration of condominium contain the method of amending the declaration and provides, “but in no case shall any amendment change a unit unless the owner of record of such unit ... shall have agreed to such amendment.” Section 35-8-13 provides, in part:
“The common expenses and limited common expenses shall be charged to unit owners in such amount that the charge corresponds approximately to their respective undivided interests in the common elements and limited common elements as set forth or determined by the declaration and amendments thereto.”
These “procedures and requirements” appear to prohibit the application of equitable principles in such a manner as to allow amendments contrary to the terms of the declaration of condominium and even to prohibit the amendment of the declaration in a manner that affects the interest of a nonconsenting unit owner, regardless of the amendment provisions actually in the declaration.
The complaint seeks nothing less than an amendment of the declaration of condominium. The plaintiffs seek to adopt the proposed amendment, or reformation, in a manner contrary to the declaration of condominium and the condominium laws. The trial court correctly dismissed the complaint. I would affirm.
MADDOX, J., concurs.

. Perhaps the majority opinion should address the equitable principles applicable to reformation of deeds rather than reformation of contracts. AIa.Code 1975, § 8-1-2, seems inapposite.

. This could be a typographical error, because the appellants state that the assessments have been based on square footage since March 1, 1981.